FILED
IN CLERKS OFFICE

2023 JUL 17 PM 3: 21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### BOSTON (EASTERN) DIVISION

| | |
|---|---|
| **YVES DEUGOUE,** *Plaintiff,* | § § § § § § |
| **VS.** | § § § § § § § § |
| **ICELANDAIR, EHF** *Defendant* | § § |

CASE NO.

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Yves Deugoue (thereafter "Deugoue" or "Plaintiff"), and files this his *Pro Se* Original Complaint, complaining of Defendant Icelandair, ehf. (thereafter "Icelandair" or "Defendant"); and for cause of action would respectfully show the Court the following:

**"Thou shalt not bear false witness against thy neighbor" (Exodus 20:16).**

## 1.00 PARTIES

1.01   Plaintiff, Yves Deugoue (hereinafter referred to as "Plaintiff" or "Deugoue") is a private citizen of the State of Texas, residing in Camp County, Texas.

1.02   On information and belief, Defendant Icelandair, ehf. (thereafter "Defendant" or "Icelandair") is an airline company based in Iceland. Defendant Icelandair is registered for the

---

PLAINTIFF'S ORIGINAL COMPLAINT                                    Page 1

right to transact business in Massachusetts, and does transact business in Massachusetts, and may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent in Massachusetts for receipt of service and process, CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.  Plaintiff respectfully requests that summons issue at this time for the purpose of service of process.

## 2.00   ASSUMED AND COMMON NAMES, MISNOMER

2.01     Pursuant to the Federal Rules of Civil Procedure and Massachusetts Rules of Civil Procedure, Plaintiff hereby gives notice that all defendants are being sued in their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, or private corporations.

2.02     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter-egos" of the parties named herein.

## 3.00   STATUTES OF LIMITATIONS

3.01     The instant civil action is being filed within the statute of limitations of all the claims brought herein [six (6) years for civil actions as to contracts or nonperformance;[1] six (6) years for civil actions as to quasi-contract claims, including promissory estoppel;[2] three (3) years  for civil actions as to defamation/libel;[3] and four (4) years for civil actions as to Consumer Protection claims.[4]].

---

[1] Massachusetts General Laws Chapter 260 § 2

[2] Massachusetts General Laws Chapter 260 § 2; *Stevens v. Stevens*, 84 Mass. App. Ct. 1109 (Mass. App. Ct. 2013)

[3] Massachusetts General Laws Chapter 260 § 4

[4] Massachusetts General Laws Chapter 260 § 5A

PLAINTIFF'S ORIGINAL COMPLAINT                                                   Page 2

## 4.00  JURISDICTION AND VENUE

4.01    This Court has personal jurisdiction over Defendant because Defendant is registered as a business entity in Massachusetts with ID Number  001099276; Defendant routinely conducts business in Massachusetts, has continuous contact with Massachussets, and operates frequent flights to and from Boston Logan International Airport in Massachusetts.  While maintaining, and in the course of maintaining, the abovementioned frequent and continuous contacts with Massachussetts, Defendant committed torts against Plaintiff arising from said contacts.

4.02    This Court has subject matter jurisdiction pursuant to 28 U.S. Code § 1331 because the matters in controversy involve a federal question; namely, the scope of Article 19 of the Montreal Convention (an international treaty of which the United States is a signatory), and the fact that federal courts have clearly held that federal claims that can be characterized as nonperformance claims are outside the scope of the Montreal Convention, and are therefore not preempted by same.[5]  Furthermore, federal courts have also held that actions and/or omissions, by an airline, which occurred while a passenger or his belongings were no longer under the airline's custody, and/or which are unrelated to legitimate (as stipulated by commercial aviation laws and regulations) air carrier actions and operations, are outside the scope of the Montreal Convention.[6]  This federal question is of crucial importance in the instant civil action because,

---

[5] *See, e.g., In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 455 (E.D.N.Y. 2007) ("[T]he Montreal Convention . . . governs claims for delay, not nonperformance.").

[6] *See, e.g., Bridgeman and Borger v. United Continental Holdings, Inc.*, 12-20836 (5th Cir. Nov. 4, 2013) (holding that a court must determine whether the misconduct complained about by the plaintiff **"took place on board the aircraft or in the course of any of the operations of embarking or disembarking.");** *Press v. United Airlines, Inc.*, Civil Action No. 3:11-CV-2265 (M.D. Pa. May 3, 2012) (holding that the plaintiff's State tort claims of Defamation and False Imprisonment arose out of actions taken by the defendant after the plane had landed and when plaintiff was no longer under the defendant's custody, and that, as a result, federal laws regulating aviation did not preempt said claims); *Swinney and J.S. v. Frontier Airlines, Inc.*, 1:19-cv-808 (M.D.N.C. Jul. 9, 2020) (holding that

---

*inter alia*, Plaintiff previously filed (in June 2022) a civil action in the Justice-of-the-Peace Court of Camp County, Texas as to the matters in controversy herein.  Defendant argued, in multiple filings with the Justice-of-the-Peace Court of Camp County, Texas, that Plaintiff's claims were pre-empted by the Montreal Convention; but Plaintiff contended that Defendant's position as to the Montreal Convention regarding this case was erroneous.  While the Justice of the Peace Court of Camp County, Texas never reached the merits as to the matters in controversy (including the Montreal Convention question), it dismissed the civil action in question due to Defendant arguing, and said Court finding that, said Court lacked personal jurisdiction over Defendant.[7]

---

the plaintiff had a viable Defamation claim when the defendant made defamatory statements against the plaintiff and her daughter (while both were on the plane) that were unwarranted and had no purpose under the laws regulating aviation; and when the defendant continued actions that humiliated the plaintiff and her daughter even after the plaintiff and her daughter were no longer under the custody of the defendant); *Adler v. American Airlines, Inc.*, Civil Action No. 4:20-cv-00317 (SD Tex. Jan. 1, 2020) (the plaintiff brought viable claims of Defamation, Illegal Discrimination; and Intentional Infliction of Emotional Distress against American Airlines for American Airlines' conduct that occurred while the plaintiff and his family were on the plane, conduct which American Airlines alleged was justified under Federal laws regulating aviation; the case was not dismissed and was eventually settled).

[7] The Justice-of-the-Peace Court of Camp County, Texas dismissed (on April 11, 2023) said civil action with prejudice for lack of (personal) jurisdiction.  While the dismissal *with prejudice* for lack of jurisdiction was erroneous (as any dismissal for lack of jurisdiction must necessarily be *without prejudice*), said error was harmless because in Texas, a court's judgment **is void** when the court issuing the judgment had "no jurisdiction to render judgment, or no capacity to act as a court." *State ex Rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995).  If jurisdiction "is missing, any judgment or order rendered by the court **is void**." *Ex parte Bowers*, 671 S.W.2d 931, 935 (Tex. App.—Amarillo 1984, no pet.) (Emphasis added) (citing *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973)).  *See also* 2 J. Moore and J.Lucas, **Moore's Federal Practice**, ¶ 4.02[3], at p. 4-66 (2d ed. 1991) ("Without jurisdiction over the person or the res, the court cannot enter a valid judgment".).  The United States Supreme Court has been clear and peremptory as to the fact that an order or judgment entered by a court lacking personal or subject matter jurisdiction is not just voidable but **void** *ab initio*. *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 140 S.Ct. 696, 700 (2020).  As the Camp County Justice-of-the-Peace Court stated it lacked jurisdiction, it had authority to dismiss the case for lack of jurisdiction but did not have authority to dismiss the case *with prejudice*.  Its judgment is therefore not just voidable but **void** *ab initio*. *Id*.

---

4.04    This Court also has subject matter jurisdiction pursuant to 28 U.S. Code § 1332 because of there exists complete diversity between the parties and the amount in controversy exceeds $75,000.

4.05    Venue is proper in this Court pursuant to 28 U.S. Code § 1391(b)(3), as the actions and omissions herein complained about took place at various locations both within and outside this Court's subject territory, such that there is no judicial district readily applicable (as to 28 U.S. Code § 1391(b)(1) and 28 U.S. Code § 1391(b)(2)), yet Defendant is subject to this Court's personal jurisdiction.

## 5.00  STATEMENT OF FACTS

5.01    On August 1, 2020, Plaintiff flew from Reykjavik, Iceland (Airport Code: KEF) to Boston (Airport Code: BOS), and then from Boston (BOS) to Dallas (Airport Code: DFW).

5.02    The flight from Reykjavik (KEF) to Boston (BOS) was operated by Icelandair; while the flight from Boston (BOS) to Dallas (DFW) was scheduled to take place on the next day (August 2, 2020) and was operated by Delta Airlines.

5.03    The flight from Reykjavik (KEF) to Boston (BOS) (operated by Icelandair) and the flight from Boston (BOS) to Dallas (DFW) were issued as two separate and disconnected itineraries; and accordingly, at Reykjavik Airport, Plaintiff's luggage was only checked in to Boston (BOS); and Plaintiff was to go through full check-in procedures to re-check his luggage to his final destination (Dallas (DFW)) upon arriving at Boston (BOS).

5.04    Upon arriving in Boston (BOS), Plaintiff's first point of entry back in the United States, and retrieving his luggage at said airport for the purpose of clearing customs (as required of all passengers), Plaintiff noticed that his luggage and its contents were severely damaged.

5.05    Icelandair was liable as to any damage that occurred to Plaintiff's luggage while said luggage was under Icelandair's custody.

5.06    Plaintiff filed a claim with Icelandair to seek compensation as to his damaged luggage and the content thereof, but Icelandair did nothing other than maliciously giving Plaintiff the run-around and maliciously using subterfuges to avoid compensating Plaintiff.

5.07    Among other malicious subterfuges used by Icelandair to evade liability, Icelandair initially claimed that Icelandair was not the party as to whom Plaintiff had to file a claim for compensation as to his damaged luggage and content thereof; then, upon Plaintiff's insistence and after considerable time had elapsed, Icelandair claimed that Plaintiff's claim was untimely.

5.08    Icelandair continued to give Plaintiff the "run around" for over a year.  Then, after Plaintiff irrefutably proved that all of Icelandair's allegations were false and baseless, including its allegation that Plaintiff's claim was untimely, Icelandair requested that Plaintiff provide a picture of the damaged luggage in order for Icelandair to assess the claim.

5.09    On December 26, 2020, in response to Icelandair's request, Plaintiff sent Icelandair a picture of the damaged luggage, along with a professional assessment of the damage.

5.10    On February 9, 2021, Icelandair reneged on its prior promise to assess Plainitiff's claim; maliciously and fallaciously claimed that Plaintiff was to seek compensation with Delta Airlines instead of Icelandair because Plaintiff was scheduled to take another flight with Delta Airlines after the Icelandair flight; and Icelandair requested for Plaintiff to contact Delta Airlines and file a claim with Delta Airlines.

5.11    On or about April 22, 2021, after having contacted Delta Airlines and reported his claim to same (as requested by Icelandair), Plaintiff was informed by Delta Airlines that the responsibility as to his damaged luggage lied exclusively with Icelandair.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                    Page 6

5.12    On or about April 22, 2021, Plaintiff wrote an e-mail to Icelandair, refuting Icelandair's allegation that liability fell on Delta Airlines

5.13    After the abovementioned April 22, 2021 e-mail from Plaintiff to Icelandair, Icelandair ceased responding to Plaintiff's communications to Icelandair altogether.

5.14    As an important airline carrier, Icelandair knew and should have known that Delta Airlines was not the airline with which Plaintiff was to seek compensation.

5.15    Icelandair knowingly and maliciously made the false allegation that Delta Airline, rather than Icelandair, was liable as to the damage that occurred to Plaintiff's luggage.

5.16    Icelandair was simply playing games and knowingly violating its own contractual obligations.

5.17    Due to Icelandair's repeated violations, on or about December 15, 2021, Plaintiff filed a complaint with the U.S. Department of Transportation's ("D.O.T.") Office of Aviation Consumer Protection.

5.18    Due to Plaintiff's complaint, the D.O.T.'s Office of Aviation Consumer Protection required, on January 7, 2022, that Icelandair "acknowledge receipt of [Plaintiff's complaint with the D.O.T.'s Office of Aviation Consumer Protection] within 30 days and provide a substantive response to the complaint within 60 days."

5.19    Icelandair recklessly ignored and disregarded the injunction from the D.O.T.'s Office of Aviation Consumer Protection, even though Icelandair is a direct report of the U.S. Department of Transportation with respect to Icelandair's operations in the United Sates.

5.20    Subsequently, on or about February 6, 2022, Plaintiff filed a complaint against Icelandair with the Better Business Bureau ("BBB").

---

5.21    Once again, following Plaintiff's complaint with the Better Bureau against Icelandair, Plaintiff did not receive a response from Icelandair.

5.22    On or about May 6, 2022, Plaintiff issued a demand letter to Icelandair; in which Plaintiff made clear to Icelandair that absent due compensation by Icelandair to Plaintiff as to Plaintiff's loss and as to torts caused to Plaintiff by Icelandair, Plaintiff would be left with no other choice but to file a civil action against Icelandair.

5.23    Upon receiving Plaintiff's demand letter, Icelandair finally acknowledged (on May 16, 2022), unequivocally, liability as to Plaintiff's damaged luggage; and offered to compensate Plaintiff with the sum of $1,761.

5.24    However, when Plaintiff refused (on May 19, 2022) the sum proposed by Icelandair to settle the totality of the claims made by Plaintiff in Plaintiff's Demand Letter, Icelandair immediately made a complete reversal; immediately alleged that it was now reversing its acknowledgment of liability (which Icelandair had already unequivocally acknowledged); and immediately falsely accused Plaintiff in an e-mail (which ended up being read by other individuals and broad entities) that Plaintiff had made a fraudulent claim to Icelandair; even though Icelandair had had nearly two years to review Plaintiff's claim and had never made any allegation of the kind in those nearly two years!

5.25    On or about June 12, 2022, Plaintiff issued a demand letter to Icelandair; in which Plaintiff made clear to Icelandair that absent due compensation by Icelandair to Plaintiff as to Plaintiff's loss and as to Icelandair's repeated violations of Massachusetts Consumer Protection Law (including Massachusetts General Laws Chapter 93A) and torts caused to Plaintiff by Icelandair under Massachusetts law, Plaintiff would be left with no other choice but to file a civil action against Icelandair.

5.26   Icelandair simply ignored said demand letter.

**6.00  CONDITIONS PRECEDENT**

6.01   All conditions precedent have been performed or have occurred.

**7.00  AGENCY/RESPONDEAT SUPERIOR**

7.01    All acts by Defendant were done by its officers, agents, servants, employees, or representatives and were done with the full authorization or ratification of Defendant or were done in the normal and routine course and scope their employment with Defendant or pursuant to their principle/agency relationship, under their general authority, and/or for the accomplishment of the objectives for which such employee or agent was retained.

**8.00  CAUSES OF ACTION**

**8.01  COUNT I:  NONPERFORMANCE OF CONTRACT**

8.01.01      Plaintiff hereby re-alleges and incorporates herein all the preceding paragraphs in support of this cause of action as if fully pled herein and further alleges as follows:

8.01.02       There existed a valid contract between Plaintiff and Defendant;

8.01.03       Defendant failed to perform;

8.01.04       Plaintiff sustained injuries as a result of the breach.

8.01.05       As a result of Icelandair's nonperformance, Plaintiff has suffered and will continue to suffer severe emotional distress and severe emotional damage, and has suffered and will continue to suffer damage, including economic damages, mental anguish, humiliation and loss of enjoyment of life.

8.01.06       Icelandair acted with fault clearly amounting to reckless negligence and actual malice; such that punitive damages or enhanced damages or double/treble damages are warranted.

8.01.07       As this claim is a nonperformance claim, it is outside the scope of the Montreal Convention.[8]

8.01.08       WHEREFORE, Plaintiff prays for judgment against Icelandair for the appropriate compensatory damages, exemplary/punitive damages, double/treble damages, costs, attorneys' fees, expert fees, statutory penalty interest, and pre and post-judgment interest .

## 8.02 COUNT II:  PROMISSARY ESTOPPEL

8.02.01       Plaintiff hereby re-alleges and incorporates herein all the preceding paragraphs in support of this cause of action as if fully pled herein and further alleges as follows:

8.02.02       As shown above, Defendant and/or its representatives (after nearly two years had elapsed since damage to Plaintiff's luggage and contents thereof) promised Plaintiff that it would compensate Plaintiff with the sum of $1,761.

8.02.03       It was foreseeable to Defendant and/or its representatives, at the time they made such promise to Plaintiff, that Plaintiff would rely on said promise.

8.02.04       As evidenced above, Plaintiff did rely on said promise.

8.02.05       As a result of said reliance by Plaintiff and Defendant's failure to meet its promise, Plaintiff has sustained damages that exceed the jurisdictional minimum of this court, including economic damages, mental anguish; and Plaintiff continues to sustain such damages, and will continue to sustain such damages in the future.

---

[8] *See, e.g., In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 455 (E.D.N.Y. 2007) ("[T]he Montreal Convention . . . governs claims for delay, not nonperformance.").

8.02.06        As this claim relates to actions and/or omissions by Defendant which occurred while neither Plaintiff nor his belongings were under Defendant's custody, and which were unrelated to legitimate (as stipulated by commercial aviation laws and regulations) air carrier actions and operations, this claim is outside the scope of the Montreal Convention, as shown above.

8.02.07        Therefore, as such conduct by Defendant has been a producing cause of Plaintiff's damages, and Defendant has acted with malice and reckless indifference, Defendant is liable in the amount of said damages, as well as, including, without limitation, such costs, attorneys' fees, expert fees, statutory penalty interest, reliance damages, treble damages, exemplary damages may be awarded when the injury or harm to which the claim seeks recovery results from malice and/or fraud), mental anguish damages and consequential damages, and pre and post-judgment interest as are allowed under Massachusetts law and/or as much as the Court and jury may award in accordance with applicable law.

8.02.08        WHEREFORE, Plaintiff prays for judgment against Icelandair for the appropriate compensatory damages, exemplary/punitive damages, double/treble damages, costs, attorneys' fees, expert fees, statutory penalty interest, and pre and post-judgment interest.

### 8.03   COUNT III:  VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION LAW (MASSACHUSETTS GENERAL LAWS Chapter 93A)

8.03.01   Plaintiff re-alleges and incorporates the preceding paragraphs in support of this cause of action as if fully pled herein and further alleges as follows:

8.03.02   Defendant, through its employees and/or agents acting within the scope of their actual, apparent or inherent authority, are guilty of violations of the Massachusetts Consumer Proctection Law as set forth below.

8.03.03    Under the Massachusetts Consumer Protection Law, it is illegal for a business to engage in "unfair and deceptive practices".

8.03.04    Plaintiff duly sent Defendant a detailed 30-day demand letter that outlined Plaintiff's complaint, the harm suffered by Plaintiff and the demanded relief.

8.03.05    Defendant ignored Plaintiff's demand letter.

8.03.06    With regard to the acts and/or omissions herein complained about, Plaintiff was/is, at all times, a "consumer", that is someone engaging in commerce primarily for personal, family or household purposes.

8.03.07    Defendant's actions and/or omissions were "unfair" and/or "deceptive".

8.03.08    Defendant's actions and/or omissions resulted in a "loss of money or property, real or personal" to Plaintiff.

8.03.09    Double or treble damages award is warranted, as: (1) Defendant willfully and knowingly violated Massachusetts General Laws Chapter 93A; and/or (2) Defendant refused to grant relief in bad faith, with knowledge or reason to know that its acts violated Massachusetts General Laws Chapter 93A.

8.03.10    As a result of the acts and/or omissions of Defendant, Plaintiff has sustained damages, including mental anguish, continues to sustain such, and will continue to sustain such in the future.

8.03.11    Therefore, as such conduct by Defendant has been a producing cause of Plaintiff's damages, Defendant is liable in the amount of said damages, as well as, including, without limitation, such costs, attorneys' fees, expert fees, statutory penalty interest, treble damages, damages for mental anguish, and pre and post-judgment interest as are allowed under

Massachusetts law and/or as much as the Court and jury may award in accordance with applicable law.

8.03.12        As this claim relates to actions and/or omissions by Defendant which occurred while neither Plaintiff nor his belongings were under Defendant's custody, and which were unrelated to legitimate (as stipulated by commercial aviation laws and regulations) air carrier actions and operations, this claim is outside the scope of the Montreal Convention, as shown above.

8.03.13        WHEREFORE, Plaintiff prays for judgment against Icelandair for the appropriate compensatory damages, exemplary/punitive damages, double/treble damages, costs, attorneys' fees, expert fees, statutory penalty interest, and pre and post-judgment interest .

### 8.04  COUNT IV:  LIBEL PER SE

8.04.01        Plaintiff hereby re-alleges and incorporates herein all the preceding paragraphs in support of this cause of action as if fully pled herein and further alleges as follows:

8.04.02        "A statement will be considered 'defamatory' if it 'may reasonably be understood as discrediting the plaintiff in the minds of any considerable and respectable class of the community.'"[9]

8.04.03        "Libel and slander are not . . . distinct from defamation.  Rather, they are two kinds of defamation."[10]  "The difference between these two types of defamation is that libel is a written defamatory statement, whereas slander is defamation through oral communication."[11]

---

[9] *Noonan v. Staples, Inc. Jay G. Baitler*, 707 F. Supp. 2d 85, 89 (D. Mass. 2010) (quoting *Disend v. Meadowbrook Sch., Inc.*, 33 Mass.App.Ct. 674, 675, 604 N.E.2d 54 (1992)).

8.04.04    A plaintiffs bringing a defamation claim in Massachusetts must prove:

(1) the defendant published a an oral statement (for a slander claim) or written statement (for a libel claim);

(2) the statement was about, and concerned the plaintiff;

(3) the statement was defamatory;

(4) the statement was false (for a slander claim); or the statement was either false or made with malice (for libel);

(4) the plaintiff suffered economic loss, or the claim is actionable without proof of economic loss.[12]

8.04.05    On May 20, 2022, Icelandair, via and though its agent or employee, made a written, **libelous** statement against Plaintiff by declaring, in the e-mail mentioned above, that Plaintiff had submitted a fraudulent claim to Icelandair.

8.04.06    Defendant knew and should have known that said statement could and, for that matter, was likely to be read by third party individuals; and the statement was indeed read by third party individuals, to the detriment of Plaintiff.

8.04.07    The statement in question concerned Plaintiff and was defamatory.

---

[10] *Noonan v. Staples, Inc. Jay G. Baitler*, 707 F. Supp. 2d 85, 89 (D. Mass. 2010) (quoting *Lebeau v. Town of Spencer*, 167 F. Supp.2d 449, 456 (D. Mass. 2001) (Gorton, D.J.).

[11] *Noonan v. Staples, Inc. Jay G. Baitler*, 707 F. Supp. 2d 85, 89 (D. Mass. 2010) (int. cit. omit.) (citing *McAvoy v. Shufrin*, 401 Mass. 593, 595, 518 N.E.2d 513 (1988); *Ellis v. Safety Ins. Co.*, 41 Mass.App. Ct. 630, 635, 672 N.E.2d 979 (1996)).

[12] *See Noonan v. Staples, Inc. Jay G. Baitler*, 707 F. Supp. 2d 85, 87-89 (D. Mass. 2010) (citing *White v. Blue Cross Blue Shield of Mass., Inc.*, 442 Mass. 64, 66, 809 N.E.2d 1034 (2004); *Massachussets Schl of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 42 (1st Cir. 2006)); **and** *see Sharratt v. Housing Innovations, Inc.*, 365 Mass. 141 (Mass. 1974).

---

8.04.08      The statement in question was false.

8.04.09      The false statement in question (which attributed dishonest and fraudulent behavior to Plaintiff, and imputed Plaintiff committed fraud) was both libelous and libelous *per se* under Massachusetts law.

8.04.10      "Massachusetts defamation statute imposes liability even for true **statements that are shown to have been made with 'actual malice'**".[13]

8.04.11      **Defendant made the statement in question with actual malice**.

8.04.12      The inquiry as to whether a written statement constitutes libel *per se* is made when determining whether said statement "could damage the plaintiff's reputation in the community", which is part of the consideration when determining whether a statement is defamatory.[14]

8.04.13      Libel *per se* encompasses statements that charge the plaintiff with a crime, that allege the plaintiff has certain diseases, or that may prejudice the plaintiff's profession or business.[15]

8.04.14      Under Massachusetts law, any libel is actionable *per se*, that is a plaintiff does not need to plead or prove economic losses in order to prevail on a libel claim.[16]

8.04.15      Under Massachusetts law, any libel is actionable *per se*.[17]

---

[13] *Noonan v. Staples, Inc. Jay G. Baitler*, 707 F. Supp. 2d 85, 87 (D. Mass. 2010)

[14] *Albright v. Morton*, 321 F. Supp. 2d 130 (D. Mass. 2004); *Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849 (Mass. 1975).

[15] *Albright v. Morton*, 321 F. Supp. 2d 130, note 3 (D. Mass. 2004).

[16] *Sharratt v. Housing Innovations, Inc.*, 365 Mass. 141 (Mass. 1974).

[17] *Sharratt v. Housing Innovations, Inc.*, 365 Mass. 141 (Mass. 1974).

8.04.16      The statement in question constituted libel *per se*.

8.04.17      Plaintiff suffered economic loss; but in any event, under Massachusetts law, any libel is actionable *per se*, that is a plaintiff does not need to plead or prove economic losses in order to prevail on a libel claim.[18]

8.04.18      As a result of Icelandair's statement, Plaintiff has suffered and will continue to suffer severe emotional distress and severe emotional damage, feels unsafe and alienated in his local community, and has suffered and will continue to suffer damage, including economic damages, damages to his reputation and damage to current and/or prospective business relations, mental anguish, humiliation and loss of enjoyment of life.

8.04.19      In falsely accusing Plaintiff of fraud, Icelandair has acted with fault clearly amounting to reckless negligence and actual malice; such that punitive damages or enhanced damages or double/treble damages are warranted.

8.04.20      As this claim relates to actions and/or omissions by Defendant which occurred while neither Plaintiff nor his belongings were under Defendant's custody, and which were unrelated to legitimate (as stipulated by commercial aviation laws and regulations) air carrier actions and operations, this claim is outside the scope of the Montreal Convention, as shown above.

8.04.21      WHEREFORE, Plaintiff prays for judgment against Icelandair for the appropriate compensatory damages, exemplary/punitive damages, double/treble damages, costs, attorneys' fees, expert fees, statutory penalty interest, and pre and post-judgment interest .

---

[18] *Sharratt v. Housing Innovations, Inc.*, 365 Mass. 141 (Mass. 1974).

### 8.05  COUNT V:  FALSE LIGHT

8.05.01        Plaintiff hereby re-alleges and incorporates herein all the preceding paragraphs in support of this cause of action as if fully pled herein and further alleges as follows:

8.05.02        The subject injurious statements are highly and objectively offensive, as statements falsely accusing (not even as a matter of opinion) Plaintiff of illegal activity, including committing fraud, are objectively offensive.

8.05.03        Said injurious statements were recklessly published by means of an e-mail, which Icelandair knew and should have known would end up with broad public entities and hence, the public at large.

8.05.04        In falsely accusing Plaintiff of fraud, Icelandair has acted with fault clearly amounting to reckless negligence and actual malice; such that punitive damages or enhanced damages or double/treble damages are warranted.

8.05.05        As a result of Icelandair's objectively and highly offensive statements, Plaintiff has suffered and will continue to suffer severe emotional distress and severe emotional damage, feels unsafe and alienated in his local community, and has suffered and will continue to suffer damage, including economic damages, damages to his reputation and damage to current and/or prospective business relations, mental anguish, humiliation and loss of enjoyment of life.

8.05.06        As this claim relates to actions and/or omissions by Defendant which occurred while neither Plaintiff nor his belongings were under Defendant's custody, and which were unrelated to legitimate (as stipulated by commercial aviation laws and regulations) air carrier actions and operations, this claim is outside the scope of the Montreal Convention, as shown above.

---

PLAINTIFF'S ORIGINAL COMPLAINT                                                    Page 17

8.05.07        WHEREFORE, Plaintiff prays for judgment against Icelandair for the appropriate compensatory damages, exemplary/punitive damages, double/treble damages, costs, attorneys' fees, expert fees, statutory penalty interest, and pre and post-judgment interest.

## 9.00  RESPONDEAT SUPERIOR

9.01    Plaintiff hereby re-alleges and incorporates all previous paragraphs above as though fully set forth herein.

9.02.    All acts by Defendant were done by their officers, agents, servants, employees, or representatives and were done with the full authorization or ratification of Defendant or were done in the normal and routine course and scope their employment with Defendant or pursuant to their principle/agency relationship, under their general authority, and/or for the accomplishment of the objectives for which such employee or agent was retained.

9.03    WHEREFORE, Plaintiff prays for judgment against Icelandair for the appropriate compensatory damages, exemplary/punitive damages, double/treble damages, costs, attorneys' fees, expert fees, statutory penalty interest, and pre and post-judgment interest .

## 10.00  <u>DEMAND FOR JURY</u>

10.01   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial in this action. *See also*: U.S. Const. Amend. 7.

10.02   Plaintiff hereby makes demand for his right to a trial by jury afforded by the United States Constitution.

10.03   In accordance with the Federal Rules, this jury demand is being filed with the Clerk of the United States District Court for the District of Massachusetts, Boston Division, as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ. P. 38(b).

## 11.00   INTENT TO USE DEFENDANT'S DOCUMENTS

11.01   Plaintiff hereby notifies Defendants that any and all documents produced to Plaintiff by Defendant in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause, and are considered authenticated as to producing parties by the fact of production itself.

## 12.00   CONCLUSION AND PRAYER FOR RELIEF

12.01   WHEREFORE, all premises considered, and for the reasons presented herein, Plaintiff prays that Defendants be summoned to appear and answer, and requests the following relief and judgment:  That upon the final trial of this cause, Plaintiff recover judgment against Defendant, for:

   a. Compensatory damages to the maximum jurisdictional limit of this Court:

      (i) Actual damages;

      (ii) Economic and non-economic damages;

   b. Punitive Damages/Exemplary damages, double/treble damages, and statutory penalty damages

   c. Pre-judgment and post-judgment interest at the highest lawful rate;

   d. Reasonable and necessary attorneys' fees and expenses and/or *pro se* litigant's expenses;

   e. Costs of suit; and

   f. Such other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

PLAINTIFF'S ORIGINAL COMPLAINT                                    Page 19

Plaintiff further prays for any and all such other relief to which Plaintiff may be entitled either in

law or in equity.

Respectfully submitted,

/s/ Yves Deugoue

YVES Deugoue, Pro Se
PLAINTIFF
105 Ash St, #10,
Pittsburg, TX 75686
Telephone:  (703) 307-1675
Email: wantoude@yahoo.com